## (June 20, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE ROSADO, Appellant.— Two judgments, Supreme Court, Bronx County, each rendered on December 17, 1970, affirmed. Concur — Stevens, P. J., McGivern and Steuer, JJ.; Murphy and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J.: We believe it was prejudicial error to allow into evidence the alleged observations of Officer Nieves that he observed five or six persons approach the defendant, at different times, saw each pass defendant some money and defendant pass something in his closed hand in return. Then he was allowed to testify that, in his expert opinion as a member of the Narcotic Squad, he concluded that the defendant was selling narcotics. Even if an expert opinion was proper under these circumstances, and we believe it was not, it would still be in violation of the rule that the People may not offer proof of crimes not charged in the indictment. (*People* v. *Molineux*, 168 N. Y. 264;

*People* v. *Roberts*, 26 A D 2d 655.) The reliance on the case of *People* v. *Latham* (35 A D 2d 759) is misplaced. The facts in that case are clearly distinguishable from those in the case at bar. The two crimes about which testimony was given by the People's witness in the *Latham* case were so related, each with the other, as to practically make them part of one transaction. The case certainly cannot be cited as authority for permitting the People to prove unrelated, similar uncharged crimes to show that a defendant is guilty of the one for which he is being tried. It is, of course, well settled that a witness at a trial may not be asked whether he had been arrested or indicted in order to impeach his credibility. The rule is so well established that no citation is needed. It is true that, in the case at bar, the Assistant District Attorney did not ask the defendant's wife, on cross-examination, the direct question as to whether she had ever been arrested. However, despite advance notice given to him, at a conference at the Bench by defendant's counsel, that his questions would compel answers on the part of the witness which would indicate that she had been arrested, to which he answered "That's her problem", he continued with his improper questioning until the answers showed that she had been arrested and placed in the House of Detention for some days until bail was furnished her. All of this was completely unnecessary and could serve no purpose in the prosecution of the defendant except to create prejudice on the part of the jury. It cannot be defended on the theory that the District Attorney was testing her memory. Accordingly, we would reverse the judgments rendered December 17, 1970, and remand for a new trial.